# STATE OF MICHIGAN

# COURT OF APPEALS

JAMES SHEPHERD,

        Plaintiff-Appellant,

v

STATE OF MICHIGAN,

        Defendant-Appellee.

UNPUBLISHED
September 18, 2018

No. 339911
Court of Claims
LC No. 17-000145-MZ

Before: O'CONNELL, P.J., and CAVANAGH and SERVITTO, JJ.

PER CURIAM.

Plaintiff, James Shepherd, filed this action seeking compensation under the Wrongful Imprisonment Compensation Act (WICA), MCL 691.1751 *et seq*. In 2012, Shepherd was convicted of second-degree murder, MCL 750.317, and first-degree premeditated murder, MCL 750.316(1)(a). The trial court vacated the second-degree murder conviction and sentenced Shepherd to life imprisonment without parole for the first-degree murder conviction. In 2015, this Court vacated Shepherd's first-degree murder conviction "because there was insufficient evidence to support it." *People v Sheperd*, unpublished per curiam opinion of the Court of Appeals, issued December 22, 2015 (Docket No. 312795), p 2.[1] In 2017, Shepherd sought compensation for his wrongful imprisonment in the Court of Claims. Defendant, the State of Michigan, responded by moving for summary disposition under MCR 2.116(C)(7) (immunity granted by law). Construing the motion as an argument that Shepherd could not establish the elements for a WICA claim, the Court of Claims granted summary disposition in favor of defendant under MCR 2.116(C)(10) (no genuine issue of material fact). Shepherd appeals as of right. Because Shepherd cannot establish that his conviction was vacated on the basis of new evidence as required by and defined in the WICA, we affirm.

This Court reviews a trial court's ruling on a motion for summary disposition de novo. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). Summary disposition is proper if there is no genuine issue of material fact. MCR 2.116(C)(10). This Court reviews the

---

[1] This Court spelled Shepherd's name "Sheperd" in the criminal proceeding, but we use the correct spelling "Shepherd" in this matter when not referring to the prior opinion.

-1-

evidence in the light most favorable to the nonmoving party to determine whether there remains a genuine issue of material fact. *Maiden*, 461 Mich at 120.

This Court also reviews questions of statutory interpretation de novo. *Odom v Wayne Co*, 482 Mich 459, 467; 760 NW2d 217 (2008).

> The primary goal of statutory interpretation is to discern the intent of the Legislature. To do so, we begin with the language of the statute, ascertaining the intent that may reasonably be inferred from its language. When the language of a statute is unambiguous, the Legislature's intent is clear and judicial construction is neither necessary nor permitted. [*Id*. (citations omitted).]

> To obtain compensation for wrongful imprisonment, a plaintiff must show that:

> > (a) The plaintiff was convicted of 1 or more crimes under the law of this state, was sentenced to a term of imprisonment in a state correctional facility for the crime or crimes, and served at least part of the sentence.

> > (b) The plaintiff's judgment of conviction was reversed or vacated and either the charges were dismissed or the plaintiff was determined on retrial to be not guilty. . . . .

> > (c) New evidence demonstrates that the plaintiff did not perpetrate the crime and was not an accomplice or accessory to the acts that were the basis of the conviction, results in the reversal or vacation of the charges in the judgment of conviction or a gubernatorial pardon, and results in either dismissal of all of the charges or a finding of not guilty on all of the charges on retrial. [MCL 691.1755(1).]

"New evidence" is defined as "any evidence that was not presented in the proceedings leading to plaintiff's conviction, including new testimony, expert interpretation, the results of DNA testing, or other test results relating to evidence that was presented in the proceedings leading to plaintiff's conviction." MCL 691.1752(b).

When this Court vacated Shepherd's conviction, it reviewed only the evidence admitted at trial. *Sheperd*, unpub op at 7-10. Shepherd has identified no other evidence that contributed to that result and no "new evidence" as defined in MCL 691.1752(b). Therefore, Shepherd did not meet the requirements to obtain compensation for wrongful imprisonment.

Moreover, Shepherd's claim that the WICA is a "justice statute" that authorizes compensation for individuals who were wrongfully imprisoned, as he was, is essentially a policy argument. This Court has no authority to make a policy choice that deviates from the one enacted by the Legislature. *Robertson v DaimlerChrysler Corp*, 465 Mich 732, 759; 641 NW2d 567 (2002). Because the statutory definition of "new evidence" is unambiguous, the Legislature's intent is clear, and no judicial construction is necessary or permissible. In sum, the Court of Claims correctly granted summary disposition in favor of defendant.

We affirm.

/s/ Peter D. O'Connell
/s/ Mark J. Cavanagh
/s/ Deborah A. Servitto